UNION TRUST COMPANY *vs.* NATIONAL COAL COMPANY *et al.*

MAY 19, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

See, also, 65 R. I. 255.

CAPOTOSTO, J. This is an action of trespass and ejectment, which was heard by a justice of the superior court, sitting

without a jury. At the conclusion of the testimony he entered a decision in favor of the plaintiff for possession and costs. The defendants' sole exception before us is to the correctness of this decision.

The premises in question comprise an office, coal pockets, and sheds, formerly owned by the defendant company, at 193 South Water street in the city of Providence, and now occupied by the defendants. These premises were acquired by the plaintiff at a foreclosure sale, held on June 22, 1939, under the power of sale contained in a mortgage made and executed by Scheindel Tanenbaum, doing business as National Coal Company.

On July 1, 1939, plaintiff gave defendants notice to quit the premises by July 15, 1939, which notice the defendants admit receiving. The writ of trespass and ejectment in this case was issued December 11, 1939. The defendants have remained in possession of the premises since July 15, 1939. No rent has been demanded by the plaintiff or paid by the defendants during all this time.

The defendants' contention in brief is that the plaintiff, having given the defendants notice to quit on July 15, 1939, was legally bound to commence ejectment proceedings against them within a reasonable time thereafter, which it construes as a matter of days or at most of one or two weeks; that the failure of the plaintiff to commence such proceedings within such time rendered said notice to quit of no further force and effect; and that the defendants, as tenants at sufferance of the plaintiff, were entitled to a new notice to quit before the plaintiff could properly maintain the present action of trespass and ejectment.

The defendants' contention is ingenious but without merit. They cite no authority in point and we have found none. Whether the defendants, as mortgagors in possession, became tenants at sufferance of the plaintiff by operation of law upon the foreclosure sale of June 22, 1939, is not before

us in this case. The fact is that the plaintiff treated the defendants as if they were tenants at sufferance following such sale when the plaintiff saw fit, on July 1, 1939, to give the defendants notice to quit the premises on July 15, 1939.

After the date stated in the notice to quit, the defendants, who remained in possession of the premises, became trespassers—*Kenyon* v. *Fidler,* 28 R. I. 164—and continued as such, unless the plaintiff, as landlord, did something to alter that situation. Mere delay alone, unaccompanied by any demand for or receipt of rent, or by other circumstances fairly tending to show a change in such relations, cannot deprive a landlord of the right to gain possession of premises by lawful means from a trespasser. A trespasser is not entitled to a notice to quit. *McCann* v. *Rathbone,* 8 R. I. 403, 404; *Freeman* v. *Wilson,* 16 R. I. 524.

In the instant case the defendants knew, when they received the notice to quit on July 1, 1939, that the plaintiff wanted possession of the premises, and they had no reason to infer otherwise at any time thereafter. Except for being liberally indulgent, probably out of consideration for the defendants, because of the character of the premises and the nature of their business, the plaintiff did nothing even remotely tending to show that it consented to the defendants remaining in possession of those premises under any form of tenancy.

The defendants' exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Greenough, Lyman & Cross, Owen P. Reid,* for plaintiff.

*Frank H. Bellin,* for defendant.